IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>HILTON CORDERO-ROSARIO.<br><br>Defendant | CRIM. NO.: 11-556 (GAG/SCC) |

**REPORT AND RECOMMENDATION**

Defendant Hilton Cordero-Rosario moves the Court to dismiss the Second Superseding Indictment charging him with one count of sex trafficking of children, in violation of 18 U.S.C. §§ 1591(a), (b) and (2), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B), and (b)(2). *See* Docket No. 171.[1]

---

1 On May 18, 2017, the Presiding Judge adopted a Report and Recommendation from the undersigned recommending the suppression of, among other things, the evidence obtained from a 320 GB External Hard Drive belonging to Cordero. *See* Docket Nos. 191 and 212. Because the Second Superseding Indictment's possession of child pornography count is based on evidence extracted from the Hard Drive, the count was effectively suppressed. Therefore, there is no need to include this count in

Crim. No. 11-556 (GAG/SCC) Page 2

Cordero-Rosario claims that the sex trafficking prosecution is barred by double jeopardy because the offense charged involves the same conduct for which he pled guilty and was sentenced in the Commonwealth of Puerto Rico Court of First Instance ("the State Case").

## I. Factual Background

Defendant Hilton Cordero was originally indicted on December 7, 2011. *See* Docket No. 3. On January 18, 2012, a federal grand jury returned a Superseding Indictment against Cordero. *See* Docket No. 29. Simultaneously, Cordero was being tried before the courts of the Commonwealth of Puerto Rico. On January 14, 2014, he plead guilty in the State Case to one count of lewd acts; three counts of transportation, distribution, publication, or exhibition of pornographic material; and two counts of production of child pornography. *See* Docket No. 272-1.

On July 7, 2016, a federal grand jury returned a two-count Second Superseding Indictment. *See* Docket No. 171.[2] Cordero moved to dismiss the Second Superseding

---

our double-jeopardy analysis.

2 At the time that the Second Superseding Indictment was returned, the Court was considering Cordero's Motion to Suppress all the evidence that the Puerto Rico Police Department ("PRPD") had seized in his residence.

Indictment. *See* Docket No. 258. The government opposed. *See* Docket No. 264. The presiding judge referred the motion to the undersigned for a Report and Recommendation. *See* Docket No. 268. After reviewing the submissions, I ordered Mr. Cordero to produce a copy of his Plea Agreement and sentencing documents in the State Case. *See* Docket No. 269. Mr. Cordero provided them on September 28, 2018. *See* Docket No. 272.

**II. Analysis**

Cordero's motion begins with a discussion of the ramifications of the landmark decision in *Commonwealth of Puerto Rico v. Sánchez Valle*, 136 S. Ct. 1863, 195 L.Ed.2d 179 (2016), and any possible impact it had on the federal charges pending against him. In *Sánchez Valle*, the Supreme Court held that the practice of charging a defendant in both Puerto Rico court and federal court under analogous offenses violated double-jeopardy because their respective powers emanated from the same source. *Id.* at 1875. The Court reasoned that Puerto Rico's authority to prosecute stems from the United States' Congress, and not from "an inherent sovereignty" like that of the States and the Indian Tribes. *Id.* at 1872. Had Puerto Rico and the United States been separate sovereigns, each would be free to carry out separate prosecutions for the same

conduct without violating the Double Jeopardy Clause of the Fifth Amendment. *Id.* at 1867-68.

Although *Sánchez Valle* would be relevant if Cordero was indicted in both state and federal courts for analogous statutes, that is not the case here.[3] In his state case, Cordero plead guilty to lewd acts; sending, transporting, selling, distributing, publishing, exhibiting or possessing obscene materials; and production of child pornography, whereas the federal prosecution rests on one count of sex trafficking of children. *See* Docket No. 272-1.

The defendant himself proposes, and the Court agrees, that the test to be employed is found in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The *Blockburger* inquiry, used to determine whether the same act or transaction constitutes a violation of two, or more, statutory provisions,[4] asks "whether each provision requires proof of a fact which the other does not."  *See Blockburger*, 284

---

3 In *Sánchez Valle*, the defendants were indicted for, among other things, selling a firearm without a permit in violation of Puerto Rico Arms Act of 2000, and for gun trafficking under 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D), and 924(a)(2).

4 That is, unless Congress intended to impose multiple punishments for the predicate offense in which case, cumulative convictions do not violate the Constitution. *United States v. Patel*, 370 F.3d 108, 114 (1st Cir. 2004).

Crim. No. 11-556 (GAG/SCC) Page 5

U.S. at 304; *see also*, *Catala Fonfrias v. U.S.*, 951 F.2d 423, 425 (1st Cir. 1991).

Defendant argues that the pattern of conduct upon which the sex trafficking charge is based involves the same actions for which he plead guilty and was sentenced in the Puerto Rico Case. *See* Docket No. 258 at pg. 9. Defendant misapplies the *Blockburger* framework, which "looks to the elements of each offense rather than to the evidence used to prove those elements." *See United States v. Lanoue*, 137 F.3d 656, 661 (1st Cir. 1998). Whether the government presents the same evidence in the successive prosecutions is irrelevant. *Id*. at 662.

With that framework in mind, I will discuss the elements of each offense and the proof of fact each provision requires and whether they are separate offenses under the *Blockburger* test.

The first count for which Cordero plead guilty in the state case was lewd acts. Formerly found in Article 144.A of the Puerto Rico Penal Code of 2004,[5] P.R. Laws Ann. tit. 33, § 4772, the offense penalizes the following conduct:

> Any person who without the intention to consummate the crime of sexual assault described in Article 142 [6]

---

[5] In the amended Penal Code of 2012, lewd acts is found in Article 133.
[6] Article 142 defines sexual assault as performing "sexual penetration,

Crim. No. 11-556 (GAG/SCC)                                Page 6

submits another person to an act that tends to awaken, excite or satisfy the sexual passion or desire of the accused, under any of the following circumstances hereinbelow, shall incur a third-degree felony.

One of the circumstances that the law lists is that the victim had not yet attained sixteen years of age at the time of the events. *See* §4772(a). Cordero was charged under that provision.

Therefore, to establish that Cordero committed the crime of lewd acts, the following elements must be established:

    (1) That Cordero submitted a person younger than 16 to an act that tends to awaken, excite or satisfy his sexual passion or desire;

    (2) Without the intention to consummate the crime of sexual assault.

In comparison, the sex trafficking of children statute states, in pertinent part:

    (1) That [the defendant] knowingly in or affecting interstate commerce by recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting by any means a

---

whether vaginal, anal, oral-genital, digital or instrumental" under a set of circumstances.

person;

(2) With knowledge that means of force, fraud or coercion will be used to cause to engage the person (victim) in a commercial sex act;

(3) Or that the person has not attained the age of 18 and will be caused to engage in a commercial sex act.

*See* 18 U.S.C. § 1591(a).

A close read reveals that the federal statute requires a "commercial sex act" whereas the state lewd acts provision does not. The statute defines "commercial sex act" as "any sex act, on account of which anything of value is given to or received by any person." *See* 18 U.S.C. § 1591(e)(3). This economic exchange is not required to establish a lewd acts violation and is a crucial element of the offense of sex trafficking of children.

Furthermore, the lewd acts statute specifically requires proof that the defendant engaged in the prohibited conduct "without the intention to consummate the crime of sexual assault." Such lack of intention is not contemplated in the federal sex trafficking of children charge. Therefore, the offenses are separate offenses under *Blockburger*.

Juxtaposing the federal sex trafficking count and the Puerto Rico possession of obscene materials charge yields an

identical result. The offense found at Article 155 of the 2004 Puerto Rico Penal Code requires that the defendant knowingly sends, transports, or brings, (by himself or through another), obscene material to Puerto Rico for its sale, exhibition, publication or distribution; or prints obscene material with the intention of distributing, selling, or exhibiting it to others. P.R. Laws Ann. tit. 33, § 4783.

This statute requires proof of several facts, (for example, the presence of obscene material, or the requirement that it be sold or published), which are not required for the federal sex tracking of children charge. Hence, the state and federal charges do not contain the same elements, nor do they require proof of the same facts.

The same happens when *Blockburger* is applied to the third and last state count: production of child pornography. Found in Article 157 of the Puerto Rico Penal Code, it requires proof that the defendant knowingly "promoted, allowed, participated in or directly contributed to the creation or production of child pornography material."

As with the previous state offenses, there is no requirement of showing that a minor was caused to engage in a "commercial sex act," as defined under the statute.

Having considered each offense separately and finding that Count One of the Second Superseding Indictment requires proof of facts that the other provisions do not, I conclude that double jeopardy did not attach to Count One of the Second-Superseding Indictment.

### III. Conclusion

For the reasons discussed herein, I recommend that the Presiding Judge deny Mr. Cordero's Motion to Dismiss the Second Superseding Indictment at Docket No. 258.

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143,150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 8th day of November, 2018.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE