<table>
<tr><td>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

</td></tr>
</table>

| | |
|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff** **v.** **HILTON CORDERO-ROSARIO,** **Defendant.** | **CRIM CASE NO. 11-556 (GAG)** |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Defendant Hilton Cordero-Rosario moves the Court to dismiss the Second Superseding Indictment charging him with one count of sex trafficking of children, in violation of 18 U.S.C. §§ 1591(a), (b) and (2), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B), and (b)(2). (Docket No. 171.) Defendant Cordero claims that the sex trafficking prosecution is barred by double jeopardy because the offense charged involves the same conduct for which he pled guilty and was sentenced in the Commonwealth of Puerto Rico Court of First Instance. Id.

Magistrate Judge Silvia Carreño-Coll issued a Report and Recommendation concluding that double jeopardy did not attach to Count One of the Second Superseding Indictment, thus recommending the denial of the defendant's Motion to Dismiss. (Docket No. 274).

Defendant Cordero objects to Judge Carreño-Coll's Report and Recommendation arguing that the Government is precluded from prosecuting him for Sex Trafficking of Minors because, according to him, "all the elements of the Federal Offense are contained in the State Offenses", and thus, Double Jeopardy attaches. (Docket No. 275).

**Crim Case No. 11-556 (GAG)**

**I.     Standard of review**

The Court may refer dispositive motions to a United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  See FED. R. CRIM. P. 59; see also L. Crim. R. 159; Matthews v. Weber, 423 U.S. 261 (1976).  An adversely affected party may contest the report and recommendation by filing its objections. FED. R. CRIM. P. 59.  Moreover, 28 U.S.C. § 636(b)(1), in pertinent part, reads as follows:

> [A]ny party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

**II.     Legal Analysis**

Defendant Cordero's objection to Magistrate Judge Carreño-Coll's Report and Recommendation fails.  In her recommendation, the Magistrate Judge reasoned as follows:

> The Blockburger inquiry, used to determine whether the same act or transaction constitutes a violation of two, or more, statutory provisions, asks "whether each provision requires proof of a fact which the other does not." See Blockburger, 284 U.S. at 304; see also, Catala Fonfrias v. U.S., 951 F.2d 423, 425 (1st Cir. 1991).  Defendant argues that the pattern of conduct upon which the sex trafficking charge is based involves the same actions for which he plead guilty and was sentenced in the Puerto Rico Case. See Docket No. 258 at pg. 9. Defendant misapplies the Blockburger framework, which "looks to the elements of each offense rather than to the evidence used to prove those elements." See United States v. Lanoue, 137 F.3d 656, 661 (1st Cir. 1998). Whether the government presents the same evidence in the successive prosecutions is irrelevant. Id. at 662.

Docket No. 274 at 4-5.  Ultimately, the Magistrate Judge concluded that: "Having considered each offense separately and finding that Count One of the Second Superseding Indictment requires proof of facts that the other provisions do not, I conclude that double jeopardy did not attach to Count One of the Second-Superseding Indictment."   (Docket No. 274 at 9).

"A defendant may be prosecuted and punished for the same act under separate federal

2

criminal statutes if each statute requires proof of a fact, which the other does not. If either offense requires proof of an additional fact, not part of and not necessary to the other, the double jeopardy prohibition does not apply." Judge James Cissell, FEDERAL CRIMINAL TRIALS 293 (2018 ed.) (citing Blockburger v. United States, 284 U.S. 299 (1932); Ciucci v. Illinois, 356 U.S. 571 (1958)).

The Court agrees with Magistrate Judge Carreño's reasoning and application of the Blockburger test and finds that under the Blockburger test, Double Jeopardy did not attach to the charge of Sex Trafficking of Minors as charged in Count One of the Second Superseding Indictment.

### III. Conclusion

The undersigned has reviewed the Defendant's objections (Docket No. 275) and the government's response thereto. (Docket No. 279) Magistrate Judge Carreño-Coll's Report and Recommendation at Docket No. 274 is hereby **ADOPTED** in its entirety. Defendant Cordero's Motion to Dismiss at Docket No. 171 is hereby **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 15th day of July, 2019.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge